[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2012
JOHN LEY
CLERK

No. 11-13836
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00072-WSD-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO FRAIRE-RODRIGUEZ,
a.k.a. Roberto Rodriguez-Fraire,
a.ka. Francisco Garcia,
a.k.a. Robert Fraire,
a.k.a. Roberto Rodriguez,
a.k.a. Roberto Fraire Rodriguez,
a.k.a. Roberto Rodriguez Fraire,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 9, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Roberto Fraire-Rodriguez appeals his fifty-seven-month sentence imposed after he pleaded guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Fraire-Rodriguez argues that his sentence was unreasonable in light of the factors in 18 U.S.C. § 3553(a). Fraire-Rodriguez contends that a downward variance was justified by the specific nature of his criminal history. He asserts that the sixteen-level enhancement for a previous crime of violence over-punishes him given the circumstances surrounding his prior conviction. He further argues a shorter sentence would be better to treat his alcohol abuse and would sufficiently deter him from committing crimes in the future.

This Court reviews the substantive reasonableness of a sentence under a deferential abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We can "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted). In this case, Fraire-Rodriguez challenges only the substantive

2

reasonableness of the sentence.  See Gall, 552 U.S. at 51, 128 S. Ct. at 597.

The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed vocational training, medical care, or treatment. See 18 U.S.C. § 3553(a), (a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  Id. § 3553(a)(1), (3)-(7).

"The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  A sentence imposed within the guideline range is not presumed to be reasonable, but this Court may ordinarily expect a sentence imposed within the guideline range to be a reasonable one. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).  Further, the length of

the actual sentence imposed as compared with the guidelines range and statutory maximum may be considered when reviewing reasonableness. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Fraire-Rodriguez's fifty-seven-month sentence is reasonable. The sentence was imposed at the low-end of the applicable guideline range. We ordinarily expect such a sentence to be reasonable. Hunt, 526 F.3d at 746. Fraire-Rodriguez argues that the district court failed to properly apply the 18 U.S.C. § 3553(a)(2) factors in imposing its sentence. However, the weight to be given any particular mitigating factor is left to the sound discretion of the district court. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007). The district court explained that it imposed the fifty-seven-month sentence in order to deter others from committing the same offense, and, considering Fraire-Rodriguez's demonstrated propensity to commit crimes while under the influence of alcohol, to protect the public from future crimes. The court also felt that being in prison would help Fraire-Rodriguez participate in an alcohol recovery program. We discern no abuse of discretion, and, accordingly, we affirm the sentence as reasonable.

AFFIRMED.